**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

Michael Cheney

    v.                                Civil No. 13-cv-067-JD

Wade Harwood and New Hampshire Supreme
Court Attorney Discipline Office

**O R D E R**

Before the court is the complaint and an addendum thereto, with exhibits (doc. nos. 1 and 5), filed by pro se plaintiff, Michael Cheney, a prisoner proceeding in forma pauperis. The matter is before the court for preliminary review, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a).

Preliminary Review Standard

Pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2), the court may dismiss one or more claims asserted in an indigent prisoner's complaint, if a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted. See 28 U.S.C. §§ 1915(e)(2) and 1915A(b). In determining whether a pro se complaint states a claim, the court must construe the complaint liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). To

survive preliminary review, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).  To determine plausibility, the court treats as true all well-pleaded factual allegations, and construes all reasonable inferences in the plaintiff's favor.  See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

## Background

Cheney is an inmate in the state prison.  Cheney asserts that his court-appointed defense counsel, Attorney D. Wade Harwood of the New Hampshire Public Defender's Office, did not represent him effectively in his criminal case, and that Harwood committed "perjury."  Cheney further asserts that the New Hampshire Supreme Court Attorney Discipline Office ("ADO") improperly rejected Cheney's disciplinary complaints against Harwood.

Construing the complaint liberally, the court finds that Cheney has asserted the following claims in this action:

>   1.   Cheney's court-appointed defense counsel provided ineffective assistance, in violation of Cheney's Sixth Amendment right to counsel.

      2.   Defendants Harwood and the ADO engaged in malpractice and otherwise failed to perform duties owed to Cheney under state law, causing injury to Cheney, rendering them liable to him for their tortious conduct.

Discussion

I.   Federal Claim

In Claim 1, Cheney asserts that the public defender appointed to represent him in the underlying criminal proceeding failed to represent him effectively, and perjured himself, in violation of Cheney's federal constitutional rights.  Cheney brings this claim pursuant to 42 U.S.C. § 1983, which provides a cause of action to those whose federal constitutional rights have been violated by a defendant acting under color of state law.  A public defender, however, is not a state actor who may be liable under § 1983 for actions taken while representing a client before and during trial.  See Georgia v. McCollum, 505 U.S. 42, 53 (1992) (citing Polk Cnty. v. Dodson, 454 U.S. 312 (1981)).  Cheney has failed to plead any facts suggesting that Attorney Harwood may be deemed to be a state actor for the purposes of establishing his liability under 42 U.S.C. § 1983.  Therefore, Claim 1 fails to state a claim upon which relief can be granted, and is properly dismissed.

II. <u>State Law Claim</u>

Claim 1 is the only federal claim in this case as to which the court has original jurisdiction, and Claim 1 fails to state a plausible claim for relief under § 1983. The facts alleged in the complaint fail to state any plausible federal claim as to the ADO or Attorney Harwood for violations of Cheney's federal rights, based on § 1983 or any other authority.

This court may decline to exercise supplemental jurisdiction over a state law claim where all of the claims over which the court has original jurisdiction are dismissed. <u>See</u> 28 U.S.C. § 1367(c)(3). While 28 U.S.C. § 1367(c)(3) authorizes this court to dismiss Claim 2 without prejudice at this time, in the interests of justice and fairness to a pro se prisoner plaintiff, the court will provide Cheney an opportunity to move to amend the complaint to state a plausible federal claim for relief against any defendant before dismissing this action.

<u>Conclusion</u>

Unless Cheney, within fourteen days of the date of this order, files a motion to amend the complaint stating a plausible federal claim upon which relief can be granted, the court will dismiss the entire case. The dismissal of the case shall be

without prejudice to Cheney filing state law claims in state court, based on the facts alleged in the complaint.

SO ORDERED.

                                                                Joseph D. DiClerico
                                                          United States District Judge

July 18, 2013

cc:  Michael Cheney, pro se