UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>Michael Cheney</u>

    v.                                        Civil No. 13-cv-067-JD

<u>Wade Harwood and New Hampshire</u>
<u>Supreme Court Attorney Discipline Office</u>

O R D E R

On July 18, 2013, the court issued a decision following preliminary review, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a), concluding that Michael Cheney failed to state a plausible federal claim on which relief might be granted and declining to exercise supplemental jurisdiction as to any state law claims, pursuant to 28 U.S.C. § 1367(c)(3). Document no. 8. Cheney was given fourteen days to file an amended complaint that would state a plausible federal claim to relief to avoid dismissal of the case. Cheney has filed a motion to amend.

In the complaint, Cheney brought claims against his former counsel, from the New Hampshire Public Defender's Office, who represented Cheney in state criminal proceedings. He also made allegations against the New Hampshire Supreme Court Attorney Discipline Office. The court held that Cheney did not state a federal claim because counsel was not a state actor for purposes

of 42 U.S.C. § 1983 and no plausible federal claim was alleged against the Discipline Office.

Although Cheney's motion is captioned as a motion to amend, he does not propose any amendment to his complaint.  Instead, he asks the court to reconsider the decision on preliminary review, arguing that his § 1983 claim against his counsel should be allowed to proceed.  In support, he cites Harlow v. Fitzgerald, 457 U.S. 102 (1982); Duncan v. Louisiana, 391 U.S. 145 (1968); and Guinn v. United States, 238 U.S. 347 (1915).

In Harlow, the Supreme Court examined absolute and qualified immunity.  457 U.S. at 809-20.  In Duncan, the Supreme Court held that a criminal defendant has a Sixth Amendment right to a jury trial for serious crimes.  391 U.S. at 159-61.  In Guinn, the Court considered the constitutionality, under the Fifteenth Amendment to the United States Constitution, of Oklahoma voting laws.  238 U.S. at 362-68.  Because the cited cases do not relate to Cheney's claims against his counsel or the Discipline Office, he provides no basis for reconsideration of the decision on preliminary review.

## Conclusion

For the foregoing reasons, the plaintiff's motion to amend (document no. 9) is denied.

Pursuant to preliminary review, as decided in the order issued on July 18, 2013, (document no. 8), the plaintiff's federal claims are dismissed for failure to state a plausible claim for relief.  The court declines to exercise supplement jurisdiction as to any state law claims, pursuant to 28 U.S.C. § 1367(c)(3), which are dismissed without prejudice.

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

July 30, 2013

cc:  Michael G. Cheney #11387, pro se